```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

**Brian J. Awbrey,**               )
                                   )
          **Plaintiff,**      )
                                   )
          v.                  )
                                   )  CIVIL ACTION No.
**Peter DiGangi, individually and** )  13-13096-NMG
**in his capacity as Justice of**   )
**the Probate and Family Court of** )
**Middlesex County,**               )
                                   )
          **Defendant.**      )

## MEMORANDUM AND ORDER

**GORTON, J.**

On November 22, 2013, Brian J. Awbrey ("Awbrey") filed a self-prepared civil rights complaint against Peter DiGangi ("Judge DiGangi"), individually and in his capacity as Justice of the Middlesex County Probate and Family Court. Awbrey asserted claims pursuant to, among other things, Title II and Title III of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 in connection with his child custody case in the Middlesex County Probate and Family Court. He alleges discrimination based on his disability, socioeconomic status, gender and age. He further alleges that Judge DiGangi denied his written requests for disability accommodation during the course of numerous court appearances.

By Order dated January 2, 2014, Awbrey was permitted to proceed in forma pauperis and was advised that his complaint was subject to dismissal. See Docket No. 4. The January order

advised Awbrey that: (1) absolute judicial immunity bars his ADA (Titles II and III), § 1983 and state tort claims for monetary damages against Judge DiGangi in his individual capacity; (2) sovereign immunity bars his § 1983 claims against Judge DiGangi in his official capacity; (3) the MTCA provides for immunity from monetary damages for state torts committed by a public employee; (4) Title II claims against Judge DiGangi in his official capacity are not cognizable because Judge DiGangi is not a "public entity" under the statute; and (4) Title III claims against Judge DiGangi for monetary damages are not cognizable because there is no private cause of action for monetary damages. Id.

On February 18, 2014, Awbrey was granted an extension of time to file a show cause response. See Docket No. 9. Now before the Court is Awbrey's response to order to show cause. See Docket No. 12. Awbrey filed a ten-page reply arguing, with reference to legal support, that this action should not be dismissed for the reasons outlined in the Court's January 2014 Memorandum and Order.

After closely reviewing Awbrey's reply, the Court finds that he failed to demonstrate good cause why this action should not be dismissed. ACCORDINGLY, in accordance with this Court's order dated January 2, 2014, and the plaintiff not having shown good cause why this case should not be dismissed, it is ORDERED that

2

the within action be and it is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 16, 2015